Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, <br><br> Plaintiff, <br> v. <br><br> Market Town, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Defendant Market Town, LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Deli & Liquor ("Deli & Liquor") located at 1655 Tennessee Street in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Market Town, LLC is a California limited liability company with its principal office in Vallejo, California. Defendant owned, managed, operated, or was otherwise responsible for the Property and the Deli & Liquor.

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Deli & Liquor are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

9. Plaintiff is a paraplegic due to a tragic motorcycle accident.

10. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

11. Plaintiff's symptoms substantially limit his major life activities.

12. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

13. Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

14. On October 17, 2023, Plaintiff personally visited the Deli & Liquor located at 1655 Tennessee Street in Vallejo, California. Plaintiff was going to the liquor store to purchase a snack and a beverage.

15. At the Property, Plaintiff encountered the following accessibility barriers:

   i. Permitter of the handicap parking space access aisle was not outlined with blue striping.

   ii. The handicap parking space access aisle had too steep of slopes, which are alleged to be greater than 2%.

   iii. The handicap parking space signs were not visible because they are covered with graffiti.

16. Moreover, while Plaintiff did not personally encounter these additional accessibility

barriers, Plaintiff is informed and believed that the following exist:

    i. The path of travel from the public way to the entry door has too steep of cross slopes, which are greater than 2%.

    ii. The path of travel from the accessible parking space has wide gaps that are greater than a half-inch wide

    iii. The path of travel have challenging changes in level as it is greater than a half inch.

    iv. The sales counter is too high as it is higher than 34 inches above the floor.

17. Plaintiff would like to return to Property and the Deli & Liquor in the future as it is a convenient location for Plaintiff to purchase food and drinks.

18. Plaintiff has decided not to go back to the Deli & Liquor at least once because of his personal knowledge of the accessibility barriers at the Property and Deli & Liquor.

19. The Deli & Liquor and Property are public accommodations and business establishments.

20. The Deli & Liquor and Property are open to the public and their operation affects commerce.

21. Deli & Liquor and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

23. Ensuring that a deli and liquor store are free from accessibility barriers is crucial for making them inclusive for individuals with disabilities. Without clear blue striping around the perimeter of handicap parking space access aisles, those who need these spaces might struggle to locate and safely use them. Moreover, others may inadvertently block them when parking their vehicles. Steep slopes greater than 2% in parking areas and on paths of travel can also pose significant mobility challenges, making it unsafe or impossible for individuals in wheelchairs or with other mobility aids to access the store. Similarly, obscured handicap parking signs due to graffiti can lead to confusion and hinder the use of necessary parking spaces, leaving disabled patrons unsure of whether a parking spot

1  has been designed and maintained to be accessible as well as risking non-disabled persons taking the
2  parking spot that is no longer clearly designated as restricted to disabled persons.

3  24. In addition, paths of travel with steep cross slopes or wide gaps can create hazardous
4  conditions for wheelchair users, potentially causing accidents or barring access altogether. Uneven
5  paths with significant changes in level add to these challenges, making navigation difficult and risky.
6  Furthermore, a sales counter that is too high can be inaccessible for individuals in wheelchairs,
7  impeding their ability to shop independently and engage in transactions.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Deli & Liquor and the Property.

27. The Deli & Liquor is a public accommodation.

28. The Property is a public accommodation.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

29. Defendant failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

30. For those barriers where it is not reasonably achievable to remove them, if any, Defendant failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

31. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

32. Defendant violated the ADA by failing to design and construct the facilities at the

Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

33. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

34. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

35. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

36. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

37. It is readily achievable for Defendant to remove the architectural barriers.

<u>Failure to Maintain Accessible Features</u>

38. Defendant violated the ADA by failing to maintain in operable and working condition those features of the Deli & Liquor and Property that are required to be readily accessible to and be usable by persons with disabilities.

39. Defendant's failure in maintaining the Deli & Liquor and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

40. The configuration and condition of the Deli & Liquor and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

41. It is readily achievable for Defendant to remove the barriers.

42. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Deli & Liquor and Property.

43. Defendant's violations are the cause of suffering for Plaintiff.

44. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and

other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

### SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

45. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

46. The Deli & Liquor and the Property are business establishments.

47. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to the Deli & Liquor at the Property.

48. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

49. Defendant violated the ADA during Plaintiff's visit to Deli & Liquor at the Property.

50. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

51. Plaintiff was harmed.

52. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

53. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

54. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

### PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

    2.    Damages under the Unruh Civil Rights Act of no less than $25,000;

    3.    Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

    4.    Other relief that the court deems appropriate.

Dated: January 4, 2024                              Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff